# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4953
Fax (410) 962-2985

November 4, 2021

LETTER TO COUNSEL

RE:     *Caressa S. v. Saul, Commissioner, Social Security Administration*
        Civil No. 1:20-cv-02431-JMC

Dear Counsel:

On August 24, 2020, Caressa S. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). The Court has considered the parties' cross-motions for summary judgment. (ECF Nos. 14 & 15). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2019). The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, the Court will DENY Plaintiff's Motion (ECF No. 14), DENY the Defendant's Motion (ECF No. 15), and remand the case for further proceedings. This letter explains my rationale.

Plaintiff filed a claim for DIB on June 17, 2017, alleging disability beginning July 8, 2015. (Tr. 155). Her claim was denied initially and again upon reconsideration. (Tr. 91, 96). She then requested a hearing before an Administrative Law Judge ("ALJ") on June 17, 2018, and subsequently filed an application for SSI benefits on November 1, 2018. (Tr. 99, 172). Both of Plaintiff's claims were heard together before ALJ Leisha Self on August 22, 2019. (Tr. 31). Following the hearing, ALJ Self determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 10–30). The Appeals Council declined review (Tr. 1), and thus, the ALJ's decision is the final reviewable decision of the SSA.

The ALJ followed the five-step sequential evaluation set forth in the Secretary's regulations to conclude that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ("RFC"), which is "the maximum work the claimant can do for a full workweek despite her impairments." *Thomas v. Berryhill*, 916 F.3d 307, 310 (4th Cir. 2019). The burden lies

1

with the claimant to meet steps one, two, and three or four, but shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In this case, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability July 2015.  (Tr. 16).

At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: depressive disorder; bipolar disorder; anxiety disorder; and posttraumatic stress disorder. (Tr. 16). Although Plaintiff further claimed to be impaired due to chronic hepatitis C, obesity, and polysubstance use disorder, the ALJ found that these impairments were non-severe because they "either have a minimal or no effect on the claimant's ability to perform basic work activities, or have not lasted for a continuous period of at least 12 months or were not expected to result in death."  (Tr. 16).

At step three, the ALJ determined that Plaintiff's impairments do not meet or equal one of the listed impairments in the regulations. (Tr. 18); 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. Specifically, the ALJ concluded that the above impairments posed only a "moderate limitation" on Plaintiff, rather than "one extreme limitation or two marked limitations in a broad area of functioning" as required by the regulations. (Tr. 18). Considering these impairments, the ALJ determined that the Plaintiff retained the RFC to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: performing simple and routine tasks, but being off task approximately five percent of the workday in addition to normal breaks; never performing production- pace work; occasionally interacting with supervisors; rarely (i.e., 30 minutes at most) interacting with coworkers; never interacting with the public; tolerating few changes in the routine work setting; and making simple work-related decisions.  (Tr. 20).

Continuing to step four, the ALJ concluded that Plaintiff is unable to perform any of her past relevant work.  (Tr. 24).

Finally, at step five, the ALJ found that Plaintiff is capable to perform the following occupations, according to the Dictionary of Occupational Titles ("DOT"):

> [N]ight stocker (DOT 922.687-058), which is unskilled, medium with a [Specific Vocational Preparation ("SVP")] of two and with 45,000 jobs existing in the national economy; laundry worker (DOT 361.684-014), which is unskilled, medium work with an SVP of two and with 43,000 jobs existing in the national economy; and janitor or cleaner (DOT 381.687-018), which is unskilled, medium work with an SVP of two and with 52,000 jobs existing in the national economy. (Tr. 25).

The ALJ based this determination on the testimony of a vocational expert ("VE"), who asserted that Plaintiff would be able to perform the requirements of the above occupations given her age, education, work experience, and RFC. (Tr. 25)  Moreover, the VE made his determination in response to the following question posed by the ALJ during the hearing:

> I'd like you to assume an individual who has only non-exertional impairments.
>
> The individual is limited to performing simple routine tasks. Time off task would be approximately five percent of the time in addition to normal breaks. The individual could only occasionally – let's do, the individual could never perform *production pace work* and could occasionally interact with supervisors, coworkers, and never the public.
>
> And the individual could have few changes in the routine work setting and could make simple work-related decisions. I'm assuming such an individual could not perform the claimant's past relevant work.
>
> And so is there other work in the national economy that such an individual could perform given the claimant's age, education, and past relevant work?  (Tr. 65) (emphasis added).

Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from July 8, 2015, to the date of the ALJ's decision.  (Tr. 26).

Plaintiff raises two arguments on appeal: (1) the ALJ's step five conclusion was not supported by substantial evidence because it failed to define "production pace work" during the questioning of the VE; and (2) the ALJ's decision is not supported by medical opinion evidence. (ECF No. 14-1). I agree with Plaintiff's first argument, and therefore grant remand. In remanding for further explanation, I express no opinion as to the sufficiency of the medical opinion evidence underlying the ALJ's determination.

### *The ALJ's Step Five Conclusion Was Not Supported by Substantial Evidence*

In support of her contention that the ALJ erroneously failed to define the term "production pace work" when questioning the VE, Plaintiff asserts that the ALJ violated the Fourth Circuit's holding in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019).  In *Thomas*, "the Fourth Circuit held that the ALJ's failure to define 'production rate or demand pace' was fatal to the RFC assessment, because the lack of clarity frustrated appellate review." *Ursula G. v. Comm'r., Soc. Sec. Admin.*, CV SAG-18-1841, 2019 WL  2233978, at *2 (D. Md. May 23, 2019) (citing *Thomas*, 916 F.3d at 312)). Plaintiff claims that "[t]he ALJ cannot utilize inscrutable terms [like 'production pace work'] to meet the burden of proof at a step 5 determination," (ECF No. 14-1 at 6), given that the term is not "especially common."  *Thomas*, 916 F.3d at 312.

Defendant attempts to distinguish the term "production pace work" from the term at issue in *Thomas*, "production rate or demand pace," arguing that the former is "undeniably common."

3

(ECF No. 15- 1 at 1, 4–5). Moreover, Defendant asserts that *Thomas* is inapplicable because, in that case, the Fourth Circuit "held that this issue *alone* was not the basis for remand; rather, that issue in combination with others in the RFC evaluation frustrated review." *Id.* at 5. Further, Defendant argues that the ALJ provided sufficient context to define this term by noting in the Notice of Decision that Plaintiff could perform "simple, non-paced, and routine" work. (Tr. 22).

Plaintiff is correct, and this Court's prior decisions highlight that the term "production pace work" is sufficiently ambiguous to preclude meaningful judicial review of the ALJ's determination. First, this Court has found repeatedly that the term "production pace work" is analogous with the terms at issue in *Thomas*, which have no commonly understood meaning. *See Steven S. v. Comm'r, Soc. Sec. Admin.*, CV DLB-19-1055, 2020 WL 1929628, at *2 (D. Md. Apr. 21, 2020) ("The term 'production pace work' is similar to the terms 'production rate' and 'demand pace' that the Fourth Circuit found frustrated appellate review in *Thomas*."); *Brenda C. v. Comm'r., Soc. Sec. Admin.*, CV SAG-18-3234, 2019 WL 4017024, at *1 (D. Md. Aug. 26, 2019) ("The term 'production pace' appears to be analogous to the terms deemed problematic in *Thomas*."); *Ursula G.*, 2019 WL 2233978, at *2 (D. Md. May 23, 2019) ("The term 'production pace' is directly analogous to the term deemed problematic in *Thomas*."). Moreover, Defendant relies on *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017), to support the contention that "production pace work" is a common term; however, this Court has expressly distinguished *Sizemore* from issues nearly identical to the present case. *See Taishika C.  v.  Saul*, CV DLB-19-1994, 2020 WL  2994487, at *4 (D.  Md.  June 4, 2020) (distinguishing the descriptive language used in *Sizemore* from the term "production pace work").

Second, this Court has consistently held that failure to define "production pace work," alone, is sufficient grounds to warrant remand. *See Taishika C.*, 2020 WL 2994487, at *3 ("[R]emand is warranted to allow the ALJ to explain what 'production pace work' means in the context of Plaintiff's claim. Without an explanation or definition of that term, I cannot conduct a substantial evidence review."); *Keith B. v. Saul*, 1:19-CV-00803-GLS, 2020 WL 3439261, at *3 (D. Md. June 23, 2020) (concluding that "remand is warranted" because "the ALJ presented the VE with a hypothetical with the phrase 'no production pace work,' yet failed to define this phrase"); *see also Angela W. v. Saul*, CV CBD-19-2083, 2021 WL 1215774, at *7 (D. Md. Mar. 31, 2021) ("The Court cannot ascertain whether the ALJ's RFC analysis is supported by substantial evidence, and thus, remand is warranted. On remand, the ALJ shall provide a proper definition of the term 'production work pace' . . ."). Even if the Fourth Circuit's decision in *Thomas* was the result of multiple collective issues, we have previously determined that *this issue* is grounds for remand by itself.

Third, the ALJ's conclusion that Plaintiff could perform "simple, non- paced, and routine" work does not provide sufficient context to define "production pace work." The ALJ mentioned "production pace work" only once during the hearing without elaboration, and only once in the Notice of Decision, which was merely in a heading. The ALJ never provided any definition or guidance as to what "production pace work" meant when she questioned the VE.  Moreover, this Court has found that stating a claimant can perform "simple, repetitive, routine tasks" does not sufficiently define "production rate pace." *Jeffrey H. v. Saul*, CV TJS- 20-0050, 2020 WL 6685282, at *2 (D. Md. Nov. 12, 2020).  Thus, remand is proper given the ALJ's failure to define "production work pace" when questioning the VE and subsequently drawing a step five conclusion.

There is no need to express opinion on whether the ALJ's determination was supported by sufficient medical opinion evidence because remand is proper due to the ALJ's failure to define "production work pace." *See James B. v. Kijakazi*, CV DLB-20-1243, 2021 WL 3912279, at *4 (D. Md. Sept. 1, 2021) (declining to decide an additional issue raised by plaintiff because remand was warranted on an alternate issue).

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 15) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the case is remanded for further proceedings in accordance with this opinion due to the SSA's inadequate analysis.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

_____/s/_____
J. Mark Coulson
United States Magistrate Judge